# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM G. DOTSON,** ) | CASE NO.  1:14 CV 2491 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| **WARDEN BRIGHAM F. SLOAN,** ) | |
| in his individual and official capacity c/o ) | |
| **LAKE ERIE CORRECTIONAL** ) | |
| **INSTITUTION, et al.,** ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION** |

This Matter is before the Court on the Motion to Dismiss (Docket #8) filed by Defendants.  Defendants ask the Court to dismiss several of Plaintiff, William Dotson's claims pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

At the time of the events giving rise to this lawsuit, Plaintiff was an inmate at the Lake Erie Correctional Institution.  The Lake Erie Correctional Institution is owned and operated by Corrections Corporation of America ("CCA"), who contracts with the State of Ohio to house prisoners convicted of State law felony offenses.  Plaintiff filed his Complaint in this case on November 12, 2014.  Plaintiff raises claims against CCA, Warden Brigham F. Sloan, and several correctional officers, alleging that the officers used excessive force against him, in violation of the Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution; that he

was not provided medical care, in violation of the Eighth and Fourteenth Amendments; and, that he suffers from a mental disability and was denied adequate treatment in violation of the American with Disabilities Act.  Plaintiff also asserts claims for assault and battery and intentional and negligent infliction of emotional distress.

On December 11, 2014, Defendants filed their Motion to Dismiss (Docket #8).  On January 20, 2015, Plaintiff filed his Brief in Opposition.  (Docket #11.)  Defendants filed their Reply Brief on February 12, 2015.  (Docket #16.)

**Discussion**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v.*

*City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)").  Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable.  *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  It is with this standard in mind that the instant Motion must be decided.

Plaintiff failed to include any opposition to the legal arguments raised by Defendants regarding the viability of Plaintiff's Fourth, Ninth and Fourteenth Amendment claims; his claim brought pursuant to 42 U.S.C. § 1981; his ADA claims; or, his claim for respondeat superior liability.  Plaintiff argues that the facts alleged in the Complaint are sufficient to withstand Defendants' Motion to Dismiss, but fails to explain the legal basis for these claims.  The Sixth Circuit has recognized that where the "plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328 (6th Cir. Ohio 2008) (citing *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 (6th Cir. Tenn. 1989)).  Accordingly, said claims are subject to dismissal.  Nevertheless, the Court will briefly address each of these claims below.

**Fourth, Ninth and Fourteenth Amendments**

Claims of excessive force and/or denial of medical care brought by an inmate arise under the Eighth Amendment, rather than the Fourth and/or Fourteenth Amendments, and the Ninth

-3-

Amendment confers no substantive rights. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Graham v. Connor*, 490 U.S. 386 (1989); *Gibson v. Matthews*, 926 F.2d 532 (6th Cir. Ky. 1991). Accordingly, Plaintiff's claims brought pursuant to the Fourth, Ninth and Fourteenth Amendments must be dismissed.

**Section 1981**

In his Third Cause of Action, Plaintiff asserts a claim pursuant 42 U.S.C §§ 1981 and 1983 for failure to provide adequate medical care/deliberate indifference to serious medical needs.

42 U.S.C. § 1981, Equal rights under the law, provides, in part, as follows:

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a claim under Section 1981, the plaintiff must allege (1) membership in a racial minority; (2) that Defendants intended to discriminate on the basis of race; and, (3) discrimination concerning one of the activities enumerated in § 1981. *King v. City of Eastpointe*, 86 Fed. Appx. 790, 800 (6th Cir. Mich. 2003). These allegations should be supported by specific acts, practices, or policies which resulted in the alleged discrimination. *Id.* The Complaint does not include any allegations that Plaintiff was discriminated against concerning one of the activities enumerated in Section 1981 because of his race. Accordingly, Plaintiff's claim brought pursuant to 42 U.S.C. § 1981 must be dismissed.

Further, 42 U.S.C. § 1983 provides the exclusive remedy for state actors sued in their official capacities for violations of the rights guaranteed under 42 U.S.C. § 1981. Accordingly,

to the extent Plaintiff brings his Section 1981 claim against any Defendant in his official capacity, his claim must be also dismissed. *Grinter v. Knight*, 532 F.3d 567 (6th Cir. Ky. 2008).

### ADA

Plaintiff brings his ADA claim against CCA under Title II of the ADA. Title II is applicable to public entities and a "public entity" is defined by the ADA as "any department, agency, special purpose district, or other instrumentality" of a state or local government. 42 U.S.C. § 12131(1)(B). "A private prison does not qualify as a department or agency of a state or local government and therefore is not a 'public entity' under the statute." *Collazo v. Corr. Corp. of Am.,* 2011 U.S. Dist. LEXIS 137666, at *7-8 (N.D. Ohio Nov. 30, 2011) (citing *Edison v. Douberly*, 604 F.3d 1307, 1308-13 (11th Cir. Fla. 2010); *Castle v. Eurofresh, Inc.*, 734 F. Supp.2d 938 (D. Ariz. 2010) (company to which the state contracted out prisoner's labor was not a public entity because contractual relationships between private and government entities are insufficient to render the private entities instrumentalities under Title II); *Gonzalez Jarquin v. Corrections Corp. of America*, No. CV 308-013, 2008 U.S. Dist. LEXIS 60532, 2008 WL 3285764, *1 (S.D. Ga. Aug.8, 2008) (holding that CCA is not a public entity under Title II); *Maringo v. Warden, Corrections Corp. of America*, 283 Fed. Appx. 205, 2008 WL 2477582, at *1 (5th Cir. Tex. 2008)). Further, the ADA does not provide for individual liability. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 (6th Cir. 1999). Accordingly, Plaintiff cannot bring his claim against CCA and Defendants under Title II of the ADA.

### Supervisory Liability for Excessive Force/Deliberate Indifference/Warden Sloan

Defendants argue that Plaintiff's claims for excessive force/deliberate indifference against Warden Brigham F. Sloan fail because supervisory liability under Section 1983 for Constitutional violations arises only when the supervisor encouraged or directly participated in

the conduct at issue. *Clarke v. United States*, No. 4:05 CV 1977, 2007 WL 1521125, at *10 (N.D. Ohio May 21, 2007). Because there are no allegations that Warden Sloan was personally involved in the events giving rise to the Complaint, to the extent Plaintiff raises claims against Warden Sloan in his supervisory capacity for assault and battery/excessive use of force and/or deliberate indifference to Plaintiff's medical needs, said claims must be dismissed.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss filed by Defendants (Docket #8) is hereby GRANTED in its entirety.

A status conference remains set for June 8, 2015 at 9:45 a.m.

IT IS SO ORDERED.

                                          s/Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: March 27, 2015